IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-1028

Filed 17 September 2024

Iredell County, No. 18 CVS 193

MARY K. MILLSAPS, DARRELL T. MILLSAPS, and H&M ENTERPRISES & LOGISTICS OF STATESVILLE, INC., Plaintiffs,

v.

DAVID B. HAGER, GAIL P. HAGER, and HAGER TRUCKING CO., INC., Defendants.

Appeal by Defendants from order entered 6 July 2023 by Judge Joseph N. Crosswhite in Iredell County Superior Court. Heard in the Court of Appeals 28 May 2024.

> *Jones, Childers, Donaldson & Webb, PLLC, by Kevin C. Donaldson, for defendants-appellants.*
>
> *Pope McMillan, P.A., by Clark D. Tew and Christian Kiechel, for plaintiffs-appellees.*

STADING, Judge.

This appeal arises from an intra-corporate dispute and presents a single issue: whether the trial court erred in concluding that liability was joint and several as to all defendants in its order enforcing a settlement agreement between the parties. We dismiss in part and affirm in part the trial court's order for the reasons explained below.

## I.     Factual Background and Procedural History

The underlying action in this case was initiated on 30 July 2020 when plaintiffs Mary K. Millsaps and Darrell T. Millsaps filed a verified complaint against defendant David B. Hager and then-defendant H&M Enterprises & Logistics of Statesville, Inc. The complaint alleged that H&M was formed by David Hager and Darrell Millsaps in March 2009, with David Hager owning a fifty-one percent interest in the company and Darrell Millsaps owning the remaining forty-nine percent interest. Plaintiffs further alleged that David Hager exercised his control and management over H&M to abscond with and redirect corporate revenues—that rightfully belonged to the Millsaps—to himself, his immediate family members and for the benefit of Hager Trucking. Specifically, plaintiffs alleged that David Hager had directed corporate payments of $800 per week to his wife, Gail Hager, "for no valuable service provided to H&M" or the shareholders. Based on those allegations, the Millsaps advanced four primary claims for relief: (1) a derivative action seeking recovery of the misappropriated corporate funds; (2) production of corporate records and an accounting; (3) dissolution and appointment of a receiver; and (4) breach of fiduciary duty. The Millsaps also sought punitive damages and to pierce the corporate veil.

After defendants filed an answer and counterclaims on 4 March 2019, the parties consented to the appointment of a receiver. During the ensuing course of litigation, at the request of the receiver, H&M shifted from a defendant to a plaintiff

in this suit. Additionally, plaintiffs filed an amended complaint in October 2020, adding Gail Hager as a defendant and asserting a claim for fraudulent transfer.

On 28 May 2021, plaintiffs moved for summary judgment. The trial court heard the motion on 2 December 2021, and on 20 December 2021 entered an order granting relief on plaintiffs' first, fourth, and fifth claims but denying summary judgment as to damages. Thereafter, the matter was set for trial on 6 June 2022, but after a jury was empaneled and some testimony was presented, a mistrial was declared when the Millsaps fell ill with COVID-19. The trial was then set for the 3 October 2022 term of superior court but was automatically stayed once the Hagers filed for bankruptcy protection on 28 September 2022.

The matter was next set for trial in January 2023, but when the case was called for trial, the parties informed the trial court of the settlement agreement at issue here. Specifically, defendants' counsel informed the trial court that his clients had agreed to "enter into a consent judgment for the total sum of $385,000" with allocation among the three defendants to be resolved by counsel for defendants and counsel for plaintiffs. Counsel for plaintiffs agreed.

The next filing in the record of this matter came on 16 June 2023 in the form of plaintiffs' "Motion to Enforce Settlement Agreement." Therein plaintiffs asserted that "[d]espite agreeing to the material terms of the settlement in court, [d]fendants ha[d] refused to sign the consent judgment. . . . [because defendants alleged, they] had not agreed whether [the settlement] amount was to be assessed jointly and

severally or against only one individual or another." Plaintiffs emphasized that defendants had represented to the trial court "that the dispute had been settled, announced the amount of the settlement, and announced that there was no need for trial." Plaintiffs then suggested that "[i]f [d]efendants disagree as to what the contribution towards such award should be by and between them, . . . they are entitled to seek contribution from each other" or bring an action against their shared counsel if they believed he acted outside his authority—although plaintiffs noted that the latter option would be unlikely to succeed given that the individual defendants had been present in court when the agreement was announced. Finally, they asked the trial court to enter judgment in the amount of $385,000 "against [d]efendents, jointly and severally."

At the hearing on plaintiffs' motion to enforce, the parties argued the question of joint and several liability particularly as to Gail Hager. Near the end of the hearing, defendants' counsel emphasized that "*this is the only issue.* I'm asking the [c]ourt to issue *a ruling that there is no joint and several liability* as it relates to David and Gail [Hager] based on the pleadings and based on the transcript and parties['] agreements." (Emphasis added). Defendants never suggested, much less argued, that the settlement agreement did not constitute a binding contract.

In its resulting order entered on 6 July 2023, the trial court first determined "that an issue exists in the settlement agreement, which was reached on January 24, 2023, as to whether liability should be joint and several. However, both parties agree

that the issue of joint and several liability is a matter of law that should be determined by [the trial c]ourt." The trial court then concluded that defendants' liability was joint and several and that plaintiffs "Motion to Enforce the Settlement Agreement" should be granted. Defendant timely appealed from that order.

## II. Jurisdiction

This appeal lies of right under N.C. Gen. Stat. § 7A-27(b)(1) (2023) ("[A]ny final judgment of a superior court. . . .").

## III. Analysis

Defendants argue that the trial court erred in finding liability to be joint and several as to defendants. Specifically, defendants contend: (1) there was no meeting of the minds between the parties as to joint and several liability—a material term— such that the settlement agreement was not a valid contract; and (2) even if a contract had been entered, "plaintiffs never made any claim for, nor sought, joint and several liability of the [current] defendants in any of their pleadings." Defendants' first position is not properly before this Court, and we are unpersuaded by their remaining contention.

### A. Preservation of Defendants' First Issue on Appeal

Defendants' first argument on appeal is that there was no "meeting of the minds" between the parties regarding a material term of the settlement agreement. Specifically, they maintain that, as of the June 2023 motion hearing, "[t]he allocation of the amount of the consent judgment as to each defendant was a material term that

the parties still needed to agree upon." In other words, defendants assert that the settlement agreement was not a contract and thus was not enforceable at all.

In response, plaintiffs contend that the question of whether the settlement agreement constituted a contract is not properly before the Court on appeal because

> [d]efendants did not once raise this issue before the trial court. Instead, [d]efendants only asked the trial court to enter a proposed consent judgment, executing the settlement agreement they now seek to disengage themselves from, that created buckets of liability with certain damages joint and several between Gail Hager and Hager Trucking and certain damages joint and several between David Hager and Hager Trucking, but with no damages joint and several between Gail Hager and David Hager. . . . Furthermore, nowhere in [d]efendant[s'] brief do they contest the finding by the [trial c]ourt that "both parties agree that the issue of joint and several liability is a matter of law that should be determined by this [c]ourt as part of this hearing; and neither party objects to this [c]ourt deciding the issue as part of this hearing."

As plaintiffs then correctly note, "[t]he issue of lack of mutual assent in a contract is not reviewable when raised before an appellate court for the first time." *See Plasma Ctrs. of Am., LLC v. Talecris Plasma Res., Inc.*, 222 N.C. App. 83, 88, 731 S.E.2d 837, 841 (2012) ("Because the arguments as to mutual assent . . . were not properly raised at the time of the motion [in the trial court], we will not consider them for the first time on appeal."). *See also Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934) (noting that "the law does not permit parties to swap horses between courts in order to get a better mount [on appeal]").

Our review of the transcript from the hearing on the motion to enforce confirms that while zealously arguing the issue of joint and several liability, defendants' counsel represented to the trial court that "[w]e agreed on a settlement which makes it a consent judgment." Defendants' counsel never argued or asked the trial court to rule that there was not a valid contract. Instead, he maintained that joint and several liability remained an issue that defendants asked the trial court to resolve. Accordingly, we hold that defendants' contention that the settlement agreement was not, in fact, a contract—raised the first time in this appeal—was not preserved for our consideration. That issue is, therefore, dismissed.

## B. Standard of Review

Although the parties here disagree about the nature of the order from which this appeal was taken, they agree a *de novo* review is appropriate. Defendants assert that the appeal arises from an order "regarding a motion to enforce a settlement agreement" and thus urge that the summary judgment standard—*de novo* review— is appropriate. *See Hardin v. KCS Int'l Inc.*, 199 N.C. App. 687, 695, 682 S.E.2d 726, 733 (2009).

Plaintiffs emphasize that, at the hearing on their motion to enforce, the parties "asked the [trial c]ourt to make a determination on liability based upon the pleadings and prior orders in the case and determining whether [d]efendants Gail Hager and David Hager were potentially subject to any form of joint and several liability." Plaintiffs contend that this "action by the parties converted the hearing to one of a

[bench] trial on stipulated facts," the appellate standard of review for which is "whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment." *Sessler v. Marsh*, 144 N.C. App. 623, 628, *cert. and disc. review denied*, 354 N.C. 365, 556 S.E.2d 577 (2001). "We review conclusions of law from a bench trial de novo." *S. Seeding Serv. v. W.C. English*, 224 N.C. App. 90, 97, 735 S.E.2d 829, 834 (2012) (citation omitted).

### C. Joint and Several Liability of Defendants

We next address defendants' argument that the trial court erred "in finding liability to be joint and several as to all defendants" because "plaintiffs never made any claim for, nor sought joint and several liability of the defendants in any of their pleadings." Accordingly, defendants assert that plaintiffs failed to sufficiently plead or put Gail Hager on notice for a claim of joint and several liability. We disagree.

As to the first portion of defendants' position, North Carolina's Civil Procedure Rule 8 "requires only that a pleading contain 'a short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief.'" *Feltman v. City of Wilson*, 238 N.C. App. 246, 251-52, 767 S.E.2d 615, 620 (2014) (quoting N.C.R. Civ. P. 8(a)(1) (brackets omitted)). In enacting Rule 8 "our General Assembly adopted the concept of notice pleading" and "[u]nder notice pleading, 'a statement of claim is adequate if it gives sufficient

notice of the claim asserted to enable the adverse party to answer and prepare for trial, to allow for the application of the doctrine of res judicata, and to show the type of case brought.'" *Id.* (quoting *Wake Cty. V. Hotels.com, L.P.*, 235 N.C. App. 633, 646, 762 S.E.2d 477, 486 (2014)). No requirement to state a claim for joint and several liability in the complaint appears in that rule.

Moreover, as to notice, we agree with plaintiffs that defendants have been fully aware of the liability Gail Hager faces under the order appealed from. For example, the affidavit of the receiver dated 28 May 2021 noted, among other things, the following: "David *& Gail Hager* had an amount due to H&M Enterprises and Logistics of Statesville, Inc. in the amount of $356,873.74"; a "verbal agreement" between plaintiffs and *the Hagers* existed in which H&M would pay down a loan held in the name of *the Hagers personally*; that $16,226.83 of H&M funds had been used to pay utility bills for "the primary residence and rental properties of David *& Gail Hager*"; and "David *& Gail Hager* took salaries in a disproportionate ratio compared to their respective ownerships in the company." (Emphasis added). Gail Hager then executed an affidavit on 20 July 2021 disputing the facts and allegations against her relating to the transfer of inventory, the payment of personal bills, and her personal work.

Accordingly, we agree with plaintiffs' assertion that as of the receiver's affidavit and Gail Hager's affidavit in the summer of 2021—some two years before the June 2023 filing of plaintiffs' motion to enforce the settlement agreement and the hearing on that motion later in the same month—the litigation materials in this case,

including "the factual pleadings and other part[s] of the [amended] complaint, clearly put Gale Hager on notice of a potential claim for joint and several liability, [such that] it was her duty to, through discovery, motions for summary judgment, or otherwise, dispose of that possibility if she believed it to be in error."

## IV.    Conclusion

Defendants' argument challenging the existence of the settlement agreement on contractual grounds is dismissed.  The trial court's order on plaintiffs' motion to enforce the settlement agreement is affirmed.

DISMISSED IN PART; AFFIRMED IN PART.

Judges ZACHARY and COLLINS concur.